**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

|  |  |
|---|---|
| Margret Quetel and William Quetel ) | Civil Action No.: 2:21-cv-2829-BHH |
| Plaintiffs, ) |  |
| vs. ) | **COMPLAINT** |
|  ) | (JURY TRIAL REQUESTED) |
| Promus Hotels, Inc., d/b/a Embassy Suites ) By Hilton Charleston Historic District, ) |  |
| DEFENDANT. ) |  |

Comes now the Plaintiffs, Margaret Quetel and William Quetel, complaining of the Defendant and alleging the following:

**PARTIES AND JURISDICTION**

1. The Plaintiff, Margaret Quetel ("Plaintiff Margaret"), is a resident of St. Thomas, U.S. Virgin Islands, and has been at all times relevant to this Complaint.

2. The Plaintiff William Quetel ("Plaintiff William") is a resident of St. Thomas, U.S. Virgin Islands, and has been at all times relevant to this Complaint.

3. The Defendant, Promus Hotels, Inc., d/b/a Embassy Suites By Hilton Charleston Historic District ("Defendant"), is a domestic corporation, incorporated in Delaware, operating in South Carolina, and has been at all times relevant to this Complaint.

4. Because this is a civil action with the cause of action arising in Charleston County, South Carolina with residents of St. Thomas, U.S. Virgin Islands as Plaintiffs and a South Carolina corporation as Defendant, and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

Venue is proper within this Division of this Court pursuant to 28 U.S.C. § 1391(a)&(c) as the Defendant's principal place of business is in Charleston County, South Carolina.

### NATURE OF THE ACTION

5. This is an action against Promus Hotels, Inc., d/b/a Embassy Suites by Hilton Charleston Historic District hotel for Premises Liability, Negligence, and Loss of Consortium arising in and out of Plaintiffs injuries sustained on Defendant's property.

### FACTUAL ALLEGATIONS

6. On or about October 23, 2018, Plaintiff Margaret Quetel flew into Charleston, South Carolina, to meet up with some friends for a "girl's trip".

7. Upon arriving in Charleston, Plaintiff Margaret checked into the Embassy Suites by Hilton Charleston Historic District as an invited guest.

8. On October 24, 2018, while exiting the hotel to go sightseeing, Plaintiff Margaret tripped and fell on a cracked and uneven piece of stone that was jutting up from the hotel's sidewalk.

9. As a result of the fall, Plaintiff Margaret began bleeding from her mouth and was unable to stand up or put any pressure on her right arm.

10. Employees from the hotel came out to check on Plaintiff Margaret, and called EMS.

11. Once EMS arrived, Plaintiff Margaret had to be helped onto a gurney and taken to the local hospital via ambulance.

12. As a result of the fall, Plaintiff Margaret suffered from a fractured humorous in her shoulder and a bleeding mouth and cracked root.

### FOR A FIRST CAUSE OF ACTION
**(Premises Liability)**

13. Plaintiff Margaret reaffirms and reiterates all previously pled paragraphs as if fully repeated and are incorporated herein verbatim.

14. The injuries and damages Plaintiff Margret suffers and complains of herein, were proximately caused by the following negligent, reckless, willful and grossly negligent acts of the Defendant

    a. The Defendant had the duty to exercise reasonable care and failed to exercise said reasonable care to protect the Plaintiff by inspection and other affirmative acts, from injuries resulting from the defect found upon the here-in noted area of the premises and the dangerous and unsafe conditions thereby resulting;

    b. It was the duty of the aforesaid Defendant to use reasonable care in the design, construction and maintenance of the aforesaid area in a manner consistent with and conformity with recognized standards pertinent to its construction, design and safety maintenance;

    c. It was the duty of the aforesaid Defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid area in a condition reasonably safe for the Plaintiff and to keep said area free from defects and conditions rendering it unsafe;

    d. It was the duty of the aforesaid Defendant to warn the Plaintiff of the aforesaid dangerous and unsafe conditions existing on the said area herein noted;

    e. This Defendant failed to make reasonable inspections and failed to correct unsafe conditions which were well within its purview and ability to do.

    f. In failing to act reasonably under the circumstances to ensure customer safety;

    g. In creating a hazardous condition of which the Plaintiff was unaware;

    h. In failing to keep a proper look out for its patrons/invitees

15. That as a proximate and direct result of the aforesaid negligent, reckless, willful and grossly negligent acts of the Defendant, the Plaintiff was injured and damages in an amount of actual and punitive damages to be determined at the trial of this case.

16. Plaintiff Margret is informed and believes that she is entitled to judgment against the Defendant in the amount of actual and punitive damages to be determined at the trial of this case.

## FOR A SECOND CAUSE OF ACTION
**(Negligence)**

17. Plaintiff Margaret reaffirms and reiterates all previously pled paragraphs as if fully repeated and are incorporated herein verbatim.

18. A duty of care was owed by Defendant to the Plaintiff Margaret to ensure her safety and well-being while on the premises of Defendant's place of business.

19. A breach of that duty occurred by Defendant's failure to properly maintain the premises.

20. Plaintiff Margaret incurred damages proximately resulting from the breach of duty.

21. Defendant had a duty of care to the Plaintiff Margaret arising out of her status as an invitee on Defendant's property to act in such a manner that would prevent an injury to a non-trespasser on Defendant's property.

22. Defendant negligently breached that duty by failing to properly maintain the property on which their business is located and otherwise provide a safe environment.

23. Plaintiff Margaret suffered severe injuries and damages as the proximate result of Defendant's breach of duty.

## FOR A THIRD CAUSE OF ACTION
**(Loss of Consortium)**

24. Plaintiff, William Quetel, incorporates all preceding paragraphs by reference as though fully restated in this Count.

25. As a direct and proximate result of Margaret Quetel's injuries, Plaintiff William Quetel has suffered actual damages for the loss of spousal consortium and and companionship of his

4

wife for which he seeks recovery in this action including loss of consortium, love, affection, aide, comfort, society, companionship, services and all other elements of damages recoverable in an action of loss of spousal consortium under South Carolina law.

## DAMAGES

26. As the direct and proximate result of Defendant's negligent, reckless, willful and grossly negligent acts, Plaintiffs sustained damages, including but not limited to:

    a. Serious and painful injuries to Plaintiff Margret's face;

    b. Serious and painful injuries to Plaintiff Margret's body;

    c. Future physical and emotional pain and suffering as is reasonably certain will result;

    d. Future medical expenses and medical care which are reasonably certain to occur;

    e. Loss of quality of life;

    f. Loss of enjoyment of life;

    g. Loss of consortium;

    h. Such other damages that will be proven through discovery and at the trial of this case.

27. As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiffs suffered physical injuries, emotional stress, pain and suffering, loss of consortium, general inconvenience, actual, compensatory, and punitive damages.

WHEREFORE having fully set forth the grounds of the complaint, Plaintiff Margret Quetel prays for a judgement against Defendant for actual damages, compensatory damages, punitive damages, attorney fees, and for such other and further relief as this Court may deem just and proper.

WHEREFORE having fully set forth the grounds of the complaint, Plaintiff William Quetel prays for a judgement against Defendant for actual damages, compensatory damages, punitive damages, attorney fees, and for such other and further relief as this Court may deem just and proper.

FURTHER, the Plaintiffs herein pray for a trial by jury in this matter.

Respectfully Submitted,

/s Ashley B. Cornwell
Ashley B. Cornwell, SC Bar No:76577 Fed: 10257
Cornwell Law Firm, LLC
1470 Ben Sawyer Blvd., Suite 14
Mount Pleasant, South Carolina 29464
(843) 595-6003
acornwell@cornwellfirm.com

**ATTORNEY FOR PLAINTIFFS**

September 1, 2021
Mount Pleasant, South Carolina